MILLER, Judge.
Defendants appeal the factual determination that their negligence caused a fire on their premises which spread to and consumed plaintiff’s adjacent building and contents. We affirm.
The trial court awarded $23,000 for loss of plaintiff’s building; $3,706.29 for loss of materials and items of stock; $11,461.37 for loss of machinery, tools and equipment; $2,037.13 .for loss of office equipment and supplies; and $3,721.20 for loss of income. Plaintiff answered the appeal contending that the award for loss of the building should be increased to a total of $26,710.50.
The fire occurred on February 26, 1971 on the premises owned by defendant Four States Realty Company, Inc., and used in the course and scope of the bus maintenance and repair operations by defendants Continental Southern Lines, Inc. and/or Continental Trailways, Inc. Defendants reconvened claiming that the fire started on Wilson’s property and spread to theirs, but have not argued to us that we should reverse the trial court’s rejection of their reconventional demand.
There is no manifest error in the trial court’s determination that the fire originated in defendants’ building and spread to and totally destroyed plaintiff’s building and contents. Defendants’ employees came to work at about 7:00 a. m. Several of them noticed the smell of smouldering or burning pine inside the building but localized near the paint shop. The smell was not noticeable outside the building, nor in other parts of the building. They searched the building at about 7:15 a. m. and again about 8:00 a. m., but both times failed to find evidence of a fire. Just before leaving about 9:30 a. m., the foreman again looked for a fire but did not find one. There were some eight to ten employees working in the building.
Between 9:45 and 10:15 a. m., several workmen saw the 12 year old 13' x 15' canvas curtain that separated the paint shop from a storeroom, flaming at the top of the curtain. The fire rapidly spread to the bottom of the curtain and to the building. This was the first fire observed by anyone that morning. The entire shop area was heated by an elevated automatic gas heater located within a few feet of the top of the canvas curtain. Defendants employees testified that the heater had not been turned on that morning, but that the pilot light was supposed to be burning.
The trial court properly applied the rule of Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (1972), finding that the facts here are as favorable to plaintiff as those in the Boudreaux case. Defendants’ negligence was the most plausible or likely cause of the fire. We can *812 not reasonably ascribe any other cause. The fire originated in defendants’ building; some agency within this building under the control of defendants caused the fire and the existence of the fire was suspected by several of defendants’ employees long before the fire blazed and became uncontrolled. Although the employees smelled something smouldering in the area where the fire started, they did not seek assistance from the fire department nor did they bring fire extinguishers tO' the suspected area.
Although plaintiff’s answer to the appeal raises strong reasons to support the contention that the trial court’s award should be increased, we fail to find manifest error. Plaintiff’s building was some 32 years old when destroyed. If we were to accept plaintiff’s expert’s appraisal, we could not increase the award because of his expert’s vagueness as to the applicable depreciation rate. There is no manifest error in the trial court’s award.
The trial court's judgment is affirmed at appellants’ costs.
Affirmed.